UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHAUDRY ABID, previously known as ASIA ABID; SHAMIM ABID, previously known as MUDASAR ABID; and KIRAN CHAUDRY, previously known TUBASIM ABID,

        Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY, a California corporation; and DOES 1-50, inclusive,

        Defendants.

NO. CIV. S 08-165 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Allstate Insurance Company ("Allstate").[1]  Plaintiffs Chaudray Abid, Shamim Abid, and Mudasar Abid (collectively "plaintiffs") oppose the motion.  For the reasons set for below,

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

1  defendant's motion to dismiss is GRANTED, and plaintiffs' motion
2  for leave to amend is GRANTED.

**BACKGROUND**[2]

On September 11, 2001, a fire broke out at plaintiffs' home in Sacramento, California. (Compl. ¶ 7.)  The residence was covered by a homeowner's insurance policy issued by Allstate. (Id.)  On September 12, 2001, plaintiffs filed a claim for benefits under the insurance policy, alleging damage to the home and personal property within the home, and other injuries. (Id. ¶ 21.)  Allstate denied the claim and refused to pay any benefits under the policy. (Id. ¶¶ 8-9.)

On March 23, 2002, plaintiffs, acting through legal counsel, made a formal demand on Allstate for policy benefits. (Id. ¶ 10.)  Allstate ignored the demand and continued to refuse payment. (Id.)  Between March 23, 2002, and July 29, 2005, Allstate failed to communicate with plaintiffs regarding any additional documents needed to obtain benefits under the policy. (Id. ¶ 21.)

During the summer of 2006, plaintiffs retained an attorney. (Id. ¶ 10.)  On December 12, 2007, plaintiffs filed a complaint against Allstate in Sacramento Superior Court to recover benefits under the homeowner's insurance policy.  An amended complaint was filed on December 19, 2007.  Thereafter, Allstate removed the action to this court.  Allstate now moves to dismiss the complaint pursuant to Rule 12(b)(6).

---

[2] The facts contained herein are drawn from plaintiff's amended complaint. (See Pl.'s Amended Compl. ("Compl."), Ex. A-1 to Def.'s Notice of Removal (Docket #1-2), filed Jan. 23, 2008.)

2

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69,

73 (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

Under California law, the statute of limitations on insurance policies containing fire coverage is one year. Cal. Ins. Code § 2071. The limitations period begins to run at the "inception of loss," defined as the time at which "appreciable damage occurs and is or should be know to the insured." Id.; Prudential-LMI Commercial Ins. v. Super. Ct., 51 Cal. 3d 674, 686-87 (1990). The statute of limitation may be equitably tolled for numerous reasons, including when an insurer "leads its insured to believe that an amicable adjustment of the claim will be made." Prudential, 51 Cal. 3d at 690.

Here, plaintiffs allege their homeowner's insurance policy covered the damage caused by the fire that destroyed their home on September 11, 2001. Plaintiffs further allege Allstate repeatedly denied their claims for benefits under the policy. However, the complaint fails to allege facts setting forth plaintiffs' entitlement to equitable tolling of the applicable statute of limitation. According to the complaint, Allstate first denied plaintiffs' claim sometime in 2001. The complaint alleges plaintiffs filed a formal demand on Allstate in 2002, which apparently was also denied. Plaintiffs then assert that

there was no communication between plaintiffs and Allstate between March 23, 2002, and June 29, 2005.  Plaintiffs allege that, subsequently, in the summer of 2006, plaintiffs and Allstate began communicating about the claim again.  The complaint was not filed until December 2007, more than a year after these alleged communications.  As currently pled, plaintiffs' allegations fail to support a claim that defendant, the insurer, led plaintiffs, the insureds, to believe that an amicable adjustment of the claim would be made or that the statute of limitation should be tolled for other reasons.

In their opposition, plaintiffs ask the court to take notice of additional facts contained in their brief and in the supplemental declaration of plaintiff Chaudry Abid attached thereto.  However, on a motion to dismiss the court is confined to the complaint and any exhibits attached to the complaint.  See Mir, 844 F.2d at 649; Isuzu Motors Ltd., 12 F. Supp. 2d at 1042.  Thus, the court cannot consider the additional facts and evidence proffered by plaintiffs.[3]

Therefore, because plaintiffs have failed to plead facts in their complaint to sufficiently support a theory of equitable tolling, defendant's motion to dismiss is GRANTED.  In their opposition, plaintiffs request the opportunity to amend their pleadings.  Based upon the submissions and arguments of the plaintiffs in opposition to defendant's motion, the court does not find that leave to amend is futile, sought in bad faith, or

---

[3] For the same reason, the court will not consider the exhibits filed by defendant in support of its motion to dismiss.

5

would cause unnecessary delay.[4]  Therefore, plaintiffs' motion to amend the complaint is GRANTED.

In its reply, Allstate for the first time asserts that under the doctrine of judicial estoppel, plaintiffs cannot make a claim against Allstate because such a claim was not listed as an asset of their estate in plaintiffs' bankruptcy proceedings filed in 2004.  Plaintiffs have not been given an opportunity to respond to this argument, and thus the court will not consider it on the merits.[5]

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED, and plaintiffs' motion for leave to amend their complaint is GRANTED.  Plaintiffs shall file a Second Amended Complaint within twenty (20) days from the issuance of this order.  Defendant is granted thirty (30) days from the date of service of plaintiffs' second amended complaint to file a response thereto.

IT IS SO ORDERED
DATED: April 10, 2008.

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

[5] Nothing in this order prevents defendants from raising this argument later in the litigation.