UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GOLDEN GATE BEVERAGE COMPANY, INC.,

      Plaintiff,

  v.

DMH INGREDIENTS, INC.,

      Defendant.
_____/

DMH INGREDIENTS, INC.

      Third Party Plaintiff,

  v.

LATITUDE LTD.,

      Third Party Defendant.
_____/

NO. CIV. S-07-2247 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on third party defendant Latitude Ltd.'s ("Latitude") motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(2).  Third party plaintiff DMH Ingredients, Inc. ("DMH") opposes the motion, asserting that this court has specific personal jurisdiction over Latitude.  For the reasons set forth below,[1] Latitude's motion to dismiss for lack of personal jurisdiction is GRANTED.

## BACKGROUND

Golden Gate Beverage Company, Inc. ("Golden Gate") is a producer of soft drinks for overseas markets and is located in California.  (Compl., filed Oct. 19, 2007, ¶ 1).  DMH is a provider of ingredients for food and pharmaceutical industries and is located in Illinois.  (Third Party Compl. ("TPC"), filed Jan. 24, 2008, ¶ 1).  Latitude is a Delaware corporation with its principal place of business in New York.  (Decl. of Laurel Mandel ("Mandel Decl."), filed Feb. 29, 2008, ¶ 2).

On or about March 3, 2005, DMH ordered 5,000 kilograms of ascorbic acid from Latitude.  (TPC ¶ 10).  On or about March 7, 2005, Latitude shipped the ascorbic acid to DMH.  (Id. ¶ 12).  On or about April 13, 2005, DMH shipped to Golden Gate an order which included 330.69 pounds of ascorbic acid, which DMH alleges came from the order shipped from Latitude.  (Id. ¶ 13).  Subsequently, it became known to Golden Gate, through its customer in Japan, that the product shipped was not ascorbic acid, but erythorbic acid.  (Id. ¶ 14; Compl. ¶ 10).  As a result, Golden Gate's Japanese customer put its entire order of soft drinks on hold.  (Compl. ¶ 10).  Eventually, the customer

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

deemed the soft drinks unacceptable, and Golden Gate was obligated to accept them for return and refund the purchase price, the shipping charges and fees, and taxes for import and export. (Compl. ¶ 12). Golden Gate also alleges that it lost sales from this customer for approximately six months. (Id.) On October 19, 2007, Golden Gate filed a complaint in the Eastern District of California against DMH arising out of this transaction.

On January 24, 2008, DMH filed a Third Party Complaint against Latitude in the Eastern District of California. Latitude does not have, and has never had, any offices, employees, sales agents, representatives, agents for service of process, business licenses, advertising or other similar business or professional contacts in California. (Mandel Decl. ¶ 3). Latitude does not have, and has never had, any subsidiaries, affiliates, divisions or other similar business related entity in California. (Id. ¶ 4). Latitude asserts that it does not place products in the stream of commerce with the expectation that any be sold and/or utilized by residents of the State of California. (Id. ¶ 6). A review of Latitude's customers since it was incorporated reveals only one customer that is or was a California business. (Id. ¶ 7). Sales to this business never amounted to more than five to seven percent of Latitude's annual sales, and the end users of the product sold to that single California company were in Western states other than California. (Id.) Latitude contends that it is not aware that any of its products have ever been ultimately provided or distributed to California consumers. (Id.)

**ANALYSIS**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action for lack of personal jurisdiction. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." <u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1484 (9th Cir. 1993) (citation omitted). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." <u>Id.</u> at 1484 (citation omitted). Thus, only constitutional principles constrain the jurisdiction of a federal court in California. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990). "Due process requires that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." <u>Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotations omitted); <u>see</u> <u>Burger King v. Rudzewciz</u>, 471 U.S. 462, 476 (1985).

Once a defendant challenges jurisdiction, the burden of proof to show that jurisdiction is appropriate lies with the plaintiff. <u>Sher</u>, 911 F.2d at 1361. When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed. <u>Id.</u>

A court may exercise either general or specific jurisdiction over a non-resident defendant. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984)). When a defendant does not reside in the forum state, the contacts must be such that the "approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir. 2000)). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id. (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite the defendants' significant contacts with forum)). DMH concedes that Latitude does not have sufficient contact with California to establish general jurisdiction. (Third Party Pl.'s Opp'n ("Opp'n"), filed Mar. 25, 2008, at 1:18-2:10; 4:20-21).

Where general jurisdiction does not exist, the court may still determine whether the defendant has had sufficient minimum contacts with the state, as it relates to the pending litigation against it, in order to justify the exercise of specific jurisdiction. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). In determining whether a district

court can exercise specific jurisdiction over a defendant, the Ninth Circuit has articulated the following three-part test:

> (1) the nonresident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Core-Vent, 11 F.3d at 1485 (citation omitted). "Jurisdiction may be established with a lesser showing of minimum contacts 'if considerations of reasonableness dictate.'" Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002) (quoting Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986)). "Under this analysis, there will be cases in which the defendant has not purposely directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986).

The purposeful availment prong requires a "qualitative evaluation of the defendant's contact with the forum state in order to determine whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Harris, 328 F.3d at 1130 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.

6

1987)) (internal quotations omitted). "The purposeful availment requirement is met if the defendant 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Id. (quoting Sher, 911 F.2d at 1362). However, a defendant may not be haled into a jurisdiction based upon the unilateral acts of third parties. Lake, 817 F.2d at 1421 (citing Burger King, 471 U.S. at 475). DMH concedes that Latitude did not purposely direct its product to a California resident.

Rather, DMH rests its opposition on the assertion that jurisdiction in California is reasonable, and thus, a lesser showing of minimum contacts is required. Where a defendant has not directed its activities at a forum state, there is no presumption of reasonableness. Brand, 796 F.2d at 1075. In determining whether the exercise of specific jurisdiction is reasonable, the court must weigh the following seven factors:

(1) the extent of the defendant['s] purposeful interjection into the forum state's affairs;
(2) the burden on the defendant of defending in the forum;
(3) the extent of conflict with the sovereignty of the defendant['s] state;
(4) the forum state's interest in adjudicating the dispute;
(5) the most efficient [forum for] judicial resolution of the controversy;
(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and,
(7) the existence of an alternative forum.

Core-Vent, 11 F.3d at 1487-88 (citation omitted).[2]

In this case, there is no evidence that Latitude purposely interjected itself into California's affairs. DMH's claims

---

[2] Neither of the parties raise any argument with regard to sovereignty of the defendant's state.

against Latitude arise out of their contractual relationship. There is no evidence that this contract was negotiated, effected, or performed in California.  See <u>Sher</u>, 911 F.2d at 1362 (finding that an out of state law firm representing a California client in a criminal proceeding in Florida did not meet the purposeful availment prong through payment from a California bank, phone calls to the client in California, and letters to California). Further, there is no evidence that Latitude knew that DMH would sell its product to a California company, which, in turn, would use that product to serve a customer in Japan.  See <u>World-Wide Volkswagen</u>, 444 U.S. at 298-99 (holding that despite foreseeability that purchasers of the product might take it to another state, personal jurisdiction did not exist where distributor of cars did not sell cars to customers in the forum state); <u>cf.</u> <u>Plant Food Co-op v. Wolfkill Feed & Fertilizer</u>, 633 F.2d 155, 159, (9th Cir. 1980) (holding that jurisdiction was proper where distributer, who shipped product directly to Montana on the orders of Washington middlemen, knew the product was bound for the forum state and received financial benefit).  Finally, Latitude presents evidence that since its incorporation, only one customer was a California corporation and that the end users of the product were not California residents.  Therefore, this factor weighs against a finding of reasonableness in the exercise of jurisdiction.  See <u>Brand</u>, 796 F.2d at 1075 (holding that jurisdiction was unreasonable where the defendant merely decided to sell to someone who indicated he would resell in California and there were no continuing obligations or operations in the state).

DMH makes conclusory assertions that jurisdiction is reasonable because resolution of the dispute in this forum is an efficient and reasonable method of litigation, much of the evidence will be available in California, and the travel required is not an excess burden. However, despite its burden to demonstrate that jurisdiction is appropriate, DMH proffers neither specific arguments nor evidence in support of these blanket assertions. See Sher, 911 F.2d at 1361.

DMH concedes that alternative fora exist to resolve this litigation. (Opp'n at 4:10-11). As such, DMH is not prevented from litigating this dispute in a forum to which Latitude is subject to jurisdiction. However, DMH argues that this forum is more convenient because all claims can be resolved and disposed of in one action. DMH also argues that California has an interest in this litigation because a California corporation has suffered a financial loss. While it may be more convenient for DMH to litigate all claims in this forum, such convenience does not outweigh the interests of due process. Rather, Latitude has presented evidence that it has had very limited contacts with California, both generally and in this specific case. Moreover, the consumers of the product were not citizens of California and no California citizen was injured as a result of the product's subsequent shipment to Golden Gate. See Brand, 796 F.2d at 1076 (holding that jurisdiction was not reasonable where a forum state's citizen was not injured by the defective product).

For the foregoing reasons, the court finds that the exercise of jurisdiction over Latitude in this forum would violate due process. Latitude has not purposely directed its activities at

California or purposely availed itself of the benefits of doing business in California.  Moreover, given the minimal contacts between Latitude and California, Latitude's lack of knowledge that DMH would be selling Latitude's product to a California company, and DMH's failure to substantiate any of its conclusory statements with specific arguments or evidence, the court's exercise of jurisdiction over Latitude would not be reasonable. Therefore, Latitude's motion to dismiss DMH's Third Party Complaint for lack of personal jurisdiction is GRANTED.

   IT IS SO ORDERED.

DATED: April 10, 2008.

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE